COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


SAMUEL GARRETT PAYNE, JR.
                                    MEMORANDUM OPINION[**]
v.    Record No. 1382-01-1            PER CURIAM
                                     OCTOBER 2, 2001
K. JONES HAULING, INC. AND
 FIRE & CASUALTY INSURANCE COMPANY
 OF CONNECTICUT


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Chandra L. Wilson; Rutter, Walsh, Mills &
            Rutter, L.L.P., on brief), for appellant.

            (Joseph F. Giordano; Thomas E. Dempsey;
            Semmes, Bowen & Semmes, P.C., on brief), for
            appellees.


     Samuel Garrett Payne, Jr. contends the Workers'

Compensation Commission erred in finding that he failed to prove

he sustained an injury by accident arising out of his employment

on August 30, 1999.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

---

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that Payne's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In ruling that Payne failed to prove he sustained a compensable injury by accident on August 30, 1999, the commission found as follows:

> The record contains several inconsistencies regarding the date of, and the circumstances following, the alleged incident. The claimant testified on direct examination that his feet slipped off the tailgate on August 30, 1999, due to an oily, muddy substance on the back of his truck. On cross-examination, however, he stated that he was not sure how he fell and that "evidently" either his hand or feet slipped off the back of the truck. Significantly, the claimant testified that the fall caused him to lie on his back for at least ten minutes and that he then finished this task and returned home early, arriving by 9 a.m. To the contrary, his girlfriend testified that the claimant arrived home from work

-

later that evening at his regular time. O'Ryan Jones testified that he observed the claimant working on August 30, 1999, but he did not recall any report about a fall. Similarly, Kenneth Jones denied being informed about the alleged fall until October 1, 1999, and was told by the claimant that the date of accident was September 20, 1999. Jones also testified that no muddy substance was hauled on the alleged date of injury.

The [medical] record contains evidence that the claimant had been complaining of arm and hand tingling for several weeks prior to the alleged incident. Dr. [Charles] Ellis' office notes reflect frequent contact with the claimant from September through December 1999, during which time there was no mention of a fall, a work-related incident, or that the claimant complained of any back or neck problems. When the claimant received emergency medical care on September 10, 1999, he complained of abdominal cramps, lower extremity numbness and weakness of several months' duration, constipation, and nausea, but apparently did not mention a recent work-related fall. Thereafter, on October 6, 1999, the claimant's complaints to the emergency room staff included constipation, vomiting, diabetes, high blood pressure, and problems with his balance. Again, he made no complaints regarding any musculoskeletal problems, and his back examination was reported as normal. The claimant's first apparent mention of a work-related fall was to Dr. [Wallace K.] Garner on October 8, 1999, but he provided no date of accident, and Dr. Garner's notes and reports indicate the claimant's report of a fall in September 1999.

The commission's findings are supported by credible evidence in the record. The commission concurred in the deputy commissioner's finding that Payne was not a credible witness when he testified about events he said occurred on August 30,

-

1999.  The record contains no corroboration for Payne's testimony; it contains inconsistencies between Payne's testimony and the witnesses' testimony; and it lacks any medical history regarding a work-related injury until October 8, 1999.  The commission, as fact finder, was entitled to conclude that Payne's testimony was not credible.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987) (holding that credibility determinations are within the fact finder's exclusive purview.)

Based upon this record, we cannot find as a matter of law that Payne's evidence sustained his burden of proof.  Accordingly, we affirm the commission's decision that he failed to prove he sustained a compensable injury by accident on August 30, 1999.

Affirmed.

-